## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PARTNER ONE ACQUISITIONS INC., a
Quebec, Canada corporation, and ASSIMA
USA LLC, a Delaware limited liability
corporation,

                    Plaintiff,

     v.

WHATFIX PRIVATE LIMITED,
an India corporation, and WHATFIX, INC.,
a Delaware corporation,

                    Defendants.

C.A. No. 1:25-CV-00209-JFM

**JURY TRIAL DEMANDED**

## SCHEDULING ORDER

This 3rd day of March, 2026, the Court having conducted an initial Rule 16(b) scheduling

conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion

that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding

arbitration;

IT IS ORDERED that:

1.    <u>Rule 26(a)(1) Initial Disclosures.</u> The Parties served their Rule 26(a)(1) Initial

Disclosures on **February 17, 2026**. If they have not already done so, the parties are to review the

Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information

("ESI"), which is posted at https://www.ded.uscourts.gov/default-standard-discovery and

incorporated herein by reference.

2.      <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **July 30, 2026**. Such motions must follow the provisions of Paragraphs 7(g) and 8.

3.      <u>Application to the Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court no later than **March 10, 2026**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include language to the following effect: "The Court retains the right to allow disclosure of any subject covered by this order or to modify this order at any time in the interest of justice."

Any proposed protective order must also include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated ["confidential"/"highly confidential"] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      <u>Papers Filed Under Seal.</u> In accordance with Section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, available at https://www.ded.uscourts.gov/sites/ded/files/CMECF-DEAdminProc-%202023%20January.pdf, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.    Courtesy Copies. For any dispositive motion or brief (e.g., Civil Rule 12, 50, 56) or responsive brief that includes exhibits, counsel must send (by e-mail or file transfer service) a PDF courtesy copy to chambers (murphy_chambers@paed.uscourts.gov). The PDF copy must:

- Be as-filed, i.e., with the ECF notations at the top of each page;

- Include the main documents and all exhibits in one single PDF file;

- Use PDF bookmarks for exhibits and for sections in longer documents;

- Be text-searchable, including exhibits; and

- Have a file name that reflects the case number, docket number(s), and a description.

   Paper courtesy copies are not to be sent to chambers unless requested.

6.    Disclosures. Absent agreement among the parties, and approval of the Court:

a)  No later than **April 2, 2026**, Plaintiffs[1] shall identify the accused products, methods and systems. Plaintiffs shall also identify the asserted patents the identified products, methods, and systems allegedly infringe. Plaintiff's shall also produce the file history for each asserted patent.

b) No later than **May 4, 2026**, Defendants shall produce core technical documents related to the accused products, methods, and systems including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.

c)  Not later than **June 3, 2026**, Plaintiffs shall produce an initial claim chart relating each known accused product, method, and system to the asserted claims each product, method, and system allegedly infringe.

d) Not later than **July 10, 2026**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

7.      Discovery. Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

a.      Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **April 1, 2027.**

b.      Document Production. Document production shall be substantially complete by **December 10, 2026.**

c.      Requests for Admission. A maximum of **50** requests for admission are permitted for each side. The parties agree to work cooperatively towards stipulations on authenticity of documents produced.

---

[1] For purposes of this Scheduling Order, Plaintiff and Defendant are defined as set forth in the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), ¶ 4.

d.   Interrogatories. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

e.   The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatories shall be judged by the level of detail each party provides (i.e. the more detail the party provides, the more detail the party shall receive).

f.   Depositions.

i.   Limitation on Hours for Deposition Discovery. Each side is limited to a total of **45 hours** of taking testimony by deposition upon oral examination of fact witnesses, exclusive of any depositions of third parties (in other words, there is a limit of 45 hours for party witnesses and no limit on total third-party deposition time). The limit of 45 hours applies regardless of the number of depositions taken.

ii.   All depositions shall be limited in accordance with Fed. R. Civ. P. 30 to 1 day of 7 hours per witness. Each party is entitled to serve one (1) Rule 30(b)(6) notice, which counts as one (1) deposition limited to a total time of 14 hours which shall count towards the total limit of 70 hours of deposition testimony per side.

iii.   Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court. The Parties agree to meet and confer in good faith regarding the location of depositions and to

conduct a deposition by remote means (e.g., Zoom or other similar means) at the agreement of both Parties and the witness. For avoidance of doubt, the parties reserve the right to take or defend depositions in person.

> g.     Disclosure of Expert Testimony

> > i.     Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **April 29, 2027**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 27, 2027**. Reply expert reports from the party with the initial burden of proof are due on or before **June 24, 2027**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. No later than **June 24, 2027**, the parties shall advise of the dates and times of their experts' availability for deposition.

> > ii.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

> h.     Discovery Matters and Disputes Relating to Protective Orders. Discovery disputes and disputes relating to protective orders will be resolved by motion practice, consistent with Local Rule 7.1.1, 7.1.2, and Judge Murphy's policies and procedures. Be aware that the court may order a shortened response time and immediate videoconference hearing.

8.     Motions to Amend/Motion to Strike.

a.      Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g), above.

b.      Any motion to amend shall attach the proposed amended pleading as well as a redline comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken.

9.      Technology Tutorials. Technology tutorials are not required by the Court, but if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

10.      Claim Construction Issue Identification. The parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction on or before **August 6, 2026**. The parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s), as well as a list of intrinsic evidence to support those constructions, on or before **August 20, 2026**.[2] These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed on or before **September 3, 2026**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to chambers. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their

---

[2] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Contemporaneously with filing the Joint Claim Construction Chart, if the parties wish to rely on expert testimony to support their claim construction positions, they shall serve any expert reports supporting such testimony by **September 3, 2026**. If any such reports are served, the parties will make the relevant experts available for deposition by **September 17, 2026**.

11.    Claim Construction Briefing.[3] Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **October 15, 2026**. Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **November 12, 2026**. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **December 3, 2026**. Defendant shall serve, but not file its surreply brief, not to exceed 10 pages, on **December 28, 2026**. The parties shall file a Joint Claim Construction Brief on **January 4, 2027**. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

JOINT CLAIM CONSTRUCTION BRIEF

I.    Representative Claims

---

[3] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

II.    Agreed-upon Constructions

III.    Disputed Constructions

    A.    [TERM 1][4]

        1.    Plaintiff's Opening Position

        2.    Defendant's Answering Position

        3.    Plaintiff's Reply Position

        4.    Defendant's Sur-Reply Position

    B.    [TERM 2]

        1.    Plaintiff's Opening Position

        2.    Defendant's Answering Position

        3.    Plaintiff's Reply Position

        4.    Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

12.    Hearing on Claim Construction. Beginning at **9:00 a.m.** on **January 14, 2027**, in **Courtroom 3B**, Third Floor, United States Courthouse, 601 Market Street, Philadelphia, PA, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their Joint Claim

---

[4] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

Construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13.    Case Dispositive Motions. Any case dispositive motions, opening briefs, and affidavits, if any, in support of any motions shall be served and filed on or before **August 19, 2027**. Responsive briefs shall be served and filed on or before **September 16, 2027**. Reply briefs shall be served and filed on or before **October 7, 2027**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

a.    Page limits combined with Daubert motion page limits. Each party is permitted to file as many case dispositive motions as desired, provided, however, that each *side* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total number of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *side*.

14.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Amendments to the Scheduling Order. Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

16.    Motions *in Limine*. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be

limited to five in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon. Each in limine request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the in limine request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

17.     Pretrial Conference. To be determined.

18.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than seven days before the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format e-mailed to chambers. The parties will follow the Court's Policies and Procedures, Paragraph 14, on Jury Instructions and Verdict Sheet.

19.     Trial. To be determined.

20.    Schedule:

| Event | Date |
| --- | --- |
| Rule 26(a)(1) Initial Disclosures | Tuesday, February 17, 2026 |
| Parties to file proposed Scheduling Order | Tuesday, February 24, 2026 |
| Rule 16 Conference | Tuesday, March 3, 2026 |
| Parties to file proposed Protective Order | Tuesday, March 10, 2026 |
| Parties to comply with Delaware's Electronic Discovery Default Standard ¶ 3 | Thursday, April 2, 2026 |
| Plaintiff to identify accused products, methods and systems, asserted patents, and file histories | Thursday, April 2, 2026 |
| Defendants production of produce core technical documents related to the accused products, methods, and systems | Monday, May 4, 2026 |
| Plaintiffs initial infringement contentions and claim charts | Wednesday, June 3, 2026 |
| Defendants initial invalidity contentions and claim charts | Friday, July 10, 2026 |
| Amend Pleadings / Joinder of Other Parties | Thursday, July 30, 2026 |
| Exchange List of Claim Terms/Phrases Needing Construction | Thursday, August 6, 2026 |
| Exchange Proposed Constructions of Claim Terms/Phrases | Thursday, August 20, 2026 |
| File Joint Claim Construction Chart | Thursday, September 3, 2026 |
| Serve Expert Reports Supporting Claim Construction Positions (if any) | Thursday, September 3, 2026 |
| Make Claim Construction Experts Available for Deposition | Thursday, September 17, 2026 |
| Opening Claim Construction Brief | Thursday, October 15, 2026 |
| Answering Claim Construction Brief | Thursday, November 12, 2026 |
| Reply Claim Construction Brief | Thursday, December 3, 2026 |
| Surreply Claim Construction Brief | Monday, December 28, 2026 |

| Event | Date |
|-------|------|
| File Joint Claim Construction Brief and Motion Requesting Claim Construction Hearing | Monday, January 4, 2027 |
| Claim Construction Hearing | Thursday, January 14, 2027<br>9:00a.m.<br>Courtroom 3B, 601 Market Street, Philadelphia, PA |
| Substantial Completion of Document Production | Thursday, December 10, 2026 |
| Completion of Fact Discovery | Thursday, April 1, 2027 |
| Initial Expert Reports (issues for which party bears burden of proof) | Thursday, April 29, 2027 |
| Rebuttal / Responsive Expert Reports (issues for which party does not bear burden of proof) | Thursday, May 27, 2027 |
| Reply Expert Reports | Thursday, June 24, 2027 |
| Completion of Expert Depositions | Thursday, July 22, 2027 |
| Deadline to File case dispositive motions, including *Daubert* | Thursday, August 19, 2027 |
| Rebuttal to case dispositive motions, including *Daubert* | Thursday, September 16, 2027 |
| Reply to case dispositive motions, including *Daubert* | Thursday, October 7, 2027 |
| Final Infringement Contentions | 21 days after Claim Construction Order |
| Final Invalidity Contentions | 42 days after Claim Construction Order |
| Pre-Trial conference | To be determined; approx. early 2028. |
| Jury Trial | To be determined; approx. early 2028. |

Date:  March 3, 2026

_____
JOHN F. MURPHY
UNITED STATES DISTRICT JUDGE

- 13 -